503 P.2d 1165

Prajeres CANDELARIA, Plaintiff-Appellee,

v.

Justiniano SANDOVAL, Defendant-Appellant.

No. 9478.

Supreme Court of New Mexico.

Dec. 8, 1972.

Robinson, Stevens & Thompson, Albuquerque, for appellant.

F. B. Howden, Los Lunas, for appellee.

## OPINION

McMANUS, Justice.

Plaintiff, Prajeres Candelaria, brought suit to enforce an oral contract for the sale of two parcels of land. Defendant, Justiniano Sandoval, relied upon the statute of frauds as his defense. Plaintiff then claimed that his part performance of the contract was sufficient to remove the contract from the operation of the statute. The court below accepted plaintiff's argument and granted a decree for specific performance from which defendant appeals.

As background, Gabriel Sandoval and Onofre Sandoval, his wife, owned the land which is the subject of this controversy. Both of these Sandovals passed away prior to 1953, leaving as heirs two daughters, Sofie and Virginia (wife of plaintiff), a son, Justiniano (the defendant), and a deceased daughter's son, Billy Chavez. Upon the deaths of Gabriel and Onofre Sandoval, the title to the real estate involved passed by operation of law to these heirs, three of whom met in 1953 to decide informally how their parents' land would be distributed. At that meeting defendant received as his share, "Rincon," "Las Encinales" and "La Sala," the three lands in question.

Following is a summary of the lower court's findings of fact which are relevant to our discussion and which tell an interesting story. Sometime in September, 1953, after the informal division of property, defendant came to plaintiff and offered to sell the Rincon and Las Encinales lands. Plaintiff accepted this offer and by oral contract agreed to pay $400 over an undetermined period of time. Then, after payment of the price and a formal division of the parents' estate had occurred, defendant would deliver title to those properties. There was also discussed between them the sale of La Sala, but defendant said he wanted to keep La Sala because he might build a home there someday. At the time the sale agreement was made, plaintiff was in possession of Rincon and Las Encinales and defendant agreed that he remain in possession. Thus, plaintiff has continuously occupied the land until now, during which time he has farmed it, built fences and a dam, and paid all taxes. Also, by the court's findings, he paid the $400 price.

In 1969, uranium development companies became interested in exploring the area and one company in particular expressed an interest in leasing property here involved. At that time Arthur Candelaria, at the request of his father, the plaintiff, contacted defendant and asked that deeds to Rincon and Las Encinales be delivered to his father. Defendant said he would do so but that it would first be necessary to formalize division of the property among the heirs. When the heirs met for that purpose in 1970 defendant, preparatory to the execution of necessary deeds, assured his sister, Vir-

ginia, that Rincon and Las Encinales belonged to plaintiff and that upon receipt by defendant of a deed from the heirs he would in turn execute a deed to plaintiff. Thus, Virginia was induced to sign a deed to defendant. Following this, defendant assured plaintiff on several occasions that he would deliver that deed. Yet, November, 1970, found defendant entering into a uranium lease of Rincon and Las Encinales. A short time later, plaintiff was informed that the properties would not be his. These findings of fact are supported by substantial evidence.

Was there an enforceable oral contract for Rincon and Las Encinales? Defendant argues that any acts of part performance relied upon to establish the existence of an oral contract must be "referable" to the alleged contract. That is, the acts must be evidential of the existence of the contract and not readily explainable on any other ground. Behind this rule, which we support, is the following reasoning: Removal of an oral contract from the operation of the statute of frauds is a serious matter and evidence of part performance is designed to show, among other things, that there must have been an oral contract or plaintiff would never have performed the acts he did. If the acts could have been performed for another reason, then the existence of an oral contract is left in doubt.

Defendant argues that plaintiff's actions of part performance do not point conclusively to a contract for Rincon and Las Encinales. He admits there was an oral contract but insists it was for the sale of La Sala only. In fact, the record shows defendant conceding a sufficient memorandum to take a sale of La Sala out of the statute. Defendant, continuing, argues that the taxes which plaintiff paid do not prove the alleged contract because plaintiff paid taxes on Sofie's property, too; the farming activity is not conclusive proof because plaintiff also kept a small garden on La Sala; plaintiff's possession of Rincon and Las Encinales is not of importance because he was in possession even before the alleged oral contract was made; the purchase price of $400 could just as well have been for La Sala; and the fences and dams erected by plaintiff were "not elaborate" and were readily explainable on other grounds.

It is true that plaintiff's part performance was not as "referable" as it might have been and that as sole proof of an alleged contract it might very well fall short of moving a court to grant specific performance. In this case, however, plaintiff does not rely solely on his part performance. He has presented additional convincing testimony which supports his claims. Four persons, in addition to plaintiff, testified directly or indirectly to the existence and substance of the contract: Virginia, Sofie, Arthur, and Leandro Marquez, plaintiff's son-in-law. This testimony was believed by the trial court and constitutes strong and convincing evidence of the existence of the contract.

As Professor Corbin has stated:

"Where the oral testimony of the contract is not disputed, or where it is ample, disinterested and convincing, the court need not depend so strongly upon the part performance. * * *. The question how strongly evidential of the particular contract, or of the existence of some contract, the part performance must be is a question of degree, directly depending upon the degree of certainty in the accompanying testimony and the degree of injustice and wrong to be avoided." 2 Corbin on Contracts, § 430 (1950).

In this case, there is not only the testimony and part performance of plaintiff; there is the admission by defendant that *some* contract had been formed and there is the testimony of the four other persons as to which property was involved. Such evidence satisfactorily supports the trial court's decree of specific performance. Therefore, the decision of that court with regard to the Rincon and Las Encinales land is affirmed. La Sala will continue to belong to defendant.

It is so ordered.

COMPTON, C. J., and STEPHENSON, J., concur.